UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BRUCE, | No. 2:15-cv-0960 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SHAMA CHAIKEN, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On July 27, 2015, plaintiff filed a motion requesting that the court order the California Department of Corrections and Rehabilitation ("CDCR") to collect his filing fees sequentially. (ECF No. 14.) Plaintiff alleges that this method for calculating filing fees, compared to the proposed alternative method, imposes a hardship on his ability to correspond with others and to purchase items at the canteen, including personal hygiene items. (Id. at 3-4.) On September 1, 2015, the undersigned directed the CDCR Director to file a response to this motion. (ECF No. 16.)

    On October 1, 2015, CDCR Director filed a response to plaintiff's pending motion. (ECF No. 22.) CDCR Director correctly states that there is a significant split in the circuits of the United States Courts of Appeal on the issue of the calculation of multiple filing fee payments from prisoners. CDCR Director states that the United States Supreme Court has granted certiorari

1

to address this subject. See Pinson v. Samuels, 761 F.3d 1, 7 (D.C. Cir. 2014) ("The courts of appeals are divided concerning the manner in which the PLRA calls for collection of installment payments from prisoners who simultaneously owe filing fees in multiple cases"), certiorari granted by Bruce v. Samuels, 135 S. Ct. 2833 (June 15, 2015). The CDCR Director requests that this court stay disposition of plaintiff's pending motion pending adjudication of the issue by the United States Supreme Court.

For the following reasons, the undersigned recommends that plaintiff's motion regarding the calculation of his filing fees be stayed pending adjudication of the issue by the United States Supreme Court.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

The court considers a number of factors in deciding whether to grant a stay. Id. (citing Landis, 299 U.S. at 254–55). First, a court may consider the "possible damage which may result from granting a stay." Id. The second factor to consider is the hardship or inequity which a party may suffer in being required to go forward. CMAX, 300 F.2d at 268. The third factor the court may consider is "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, 300 F.2d at 268.

With respect to the first factor, plaintiff will continue to suffer the alleged injuries if this action is stayed. With respect to the second factor, the undersigned finds that neither plaintiff nor the CDCR Director would suffer any significant hardship if they were required to go forward with respect to disposition of the issue raised by plaintiff in the pending motion. The third factor, however, clearly weighs in favor of staying this case. Because the United States Supreme Court is considering the same issue raised by plaintiff in the pending motion, the orderly course of justice warrants a stay.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to appoint a district judge to this action;

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations on Deputy Attorney General Gabriel Ullrich, specially appearing on behalf of the CDCR Director; and

IT IS HEREBY RECOMMENDED that plaintiff's motion requesting that CDCR calculate his filing fees sequentially (ECF No. 14) be stayed pending the resolution of this issue by the United States Supreme Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 21, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bru960.sta