UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BRUCE,<br><br>          Plaintiff,<br><br>     v.<br><br>SHAMA CHAIKEN, et al.,<br><br>          Defendants. | No. 2: 15-cv-0960 TLN KJN P<br><br><br>ORDER |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's request to stay defendants' summary judgment motion, pursuant to Federal Rule of Civil Procedure 56(d).  Also pending is plaintiff's leave to file a supplemental opposition and leave to file an expert declaration.  (ECF Nos. 61, 62.)  Defendants have filed a motion to strike plaintiff's expert declaration.  (ECF No. 63.)

    For the reasons stated herein, plaintiff's request for a stay is granted, nunc pro tunc.  Plaintiff's motions for leave to file the expert declaration and a supplemental opposition are granted.  Defendants' motion to strike is denied.

Background

    On October 28, 2016, defendants filed their summary judgment motion.  (ECF No. 37.)  On April 3, 2017, plaintiff filed his opposition.  (ECF No. 51.)  Plaintiff's opposition addressed

1

the merits of defendants' summary judgment motion.  (Id.)  However, plaintiff also requested that defendants' motion be stayed so that he could obtain an expert:

> The basis of my motion to stay the ruling on summary judgment is that I was unable to afford to hire a medical expert at the time the defendants filed for summary judgment.  However, I recently settled another civil suit for $10,000 and can now afford to hire an expert. (See Settlement Agreement for Bruce v. Adams, attached as Exhibit Q.)  I expect to [hire] an expert in Internal Medicine, and have him/her review whether defendants' actions met the standard of care of constipation and fecal impaction.  And have the expert review whether plaintiff suffered from ordinary constipation or fecal impaction.  I anticipate that the expert's opinion will support my position that I suffered from fecal impaction and that the symptoms of fecal impaction were obvious, and defendants' failure to conduct an adequate examination and diagnosis fell so far below medical standards as to be reckless.

(Id. at 16-17.)

On April 27, 2017, defendants filed a reply to plaintiff's opposition, a reply to plaintiff's statement of undisputed facts, an opposition to plaintiff's request for judicial notice, an opposition to plaintiff's request to strike expert testimony, and an opposition to plaintiff's request for a stay. (ECF Nos. 55, 56, 57, 58, 59.)

On June 1, 2017, plaintiff filed the declaration of his expert, Dr. Edward Mallory.  (ECF No. 60.)  On June 5, 2017, plaintiff filed a motion for leave to file Dr. Mallory's declaration, a motion for leave to file a supplemental opposition and a supplemental opposition.  (ECF Nos. 61, 62.)  On June 16, 2017, defendants filed a motion to strike Dr. Mallory's declaration, an opposition to plaintiff's motion for leave to file Dr. Mallory's declaration, and an opposition to plaintiff's motion for leave to file a supplemental opposition.  (ECF Nos. 63, 64, 65.)

Analysis

Federal Rule of Civil Procedure 56(d) provides,

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or

     (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

  "To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1129-30 (9th Cir. 2004) (quoting VISA Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986)). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001).

  In his opposition, plaintiff requested that defendants' summary judgment motion be stayed because he had obtained money through a settlement to hire an expert. Plaintiff included with his opposition documents showing that the settlement was reached in December 2016. (ECF No. 51 at 45, 58.) In his motion for leave to file Dr. Mallory's declaration, plaintiff states that he received funds from the settlement in March 2017[1] and hired Dr. Mallory shortly thereafter. (ECF No. 61 at 2.) Plaintiff states that Dr. Mallory's review took two months due to the difficulty in communicating with Dr. Mallory from prison. (Id.) Dr. Mallory's declaration is dated May 20, 2017. (ECF No. 60 at 20.)

  Defendants opposed plaintiff's motion for a stay on grounds that plaintiff had not met his burden under Rule 56(d). (ECF No. 58 at 2-3.) Defendants first argued that plaintiff had not adequately demonstrated that a basis for believing that information supporting his claims existed. (Id. at 3.) However, plaintiff's ability to provide Dr. Mallory's declaration undermines this argument.

  Defendants also argued that plaintiff's motion for a stay should be denied because plaintiff was not diligent. Defendants argued that plaintiff waited until long after discovery closed in June 2016 to seek expert testimony. (Id. at 3-4.) Defendants did not address plaintiff's argument that

---

[1] Plaintiff's motion states that he received the funds in March 2016, but it is clear that plaintiff meant to state March 2017.

1 he was unable to afford the cost of an expert until his case settled in December 2016, and he

2 received the payment from the settlement in March 2017.  Based on the timing of the settlement,

3 the undersigned finds that plaintiff acted diligently in finding an expert once he obtained the

4 funds from the settlement.

5       Plaintiff has demonstrated good cause to grant the request for a stay.  Accordingly,

6 plaintiff's motion to stay defendants' summary judgment motion until he received his expert

7 declaration is granted, nunc pro tunc.   Because plaintiff's motion to stay is granted, plaintiff's

8 motion for leave to file Dr. Mallory's declaration and for leave to file a supplemental opposition

9 are granted as well.

10       In the motion to strike Dr. Mallory's declaration, defendants argue that allowing plaintiff

11 to proceed with the Mallory declaration is prejudicial.  (ECF No. 63 at 3.)  Defendants argue that

12 they will have to seek to re-open discovery to cross-examine Dr. Mallory and then file

13 supplemental evidence.  (Id. at 4.)  Defendants also argue that Dr. Mallory's declaration should be

14 excluded because it is not based on reliable facts and data.  (Id. at 4-6.)  Defendants also argue

15 that Dr. Mallory's declaration does not raise a genuine dispute regarding whether they acted with

16 deliberate indifference.  (Id. at 6-10.)

17       Because plaintiff has been allowed to file Dr. Mallory's declaration in support of his

18 supplemental opposition, the undersigned will consider defendants' arguments challenging the

19 merits of Dr. Mallory's declaration when the court considers the merits of defendants' summary

20 judgment motion.  Because Dr. Mallory's declaration was filed after defendants' summary

21 judgment motion was fully briefed, defendants are granted an opportunity to conduct discovery

22 with respect to this declaration and/or to file a supplemental reply.

23       On July 20, 2016, defense counsel filed a pleading titled "Notice of Unavailability of

24 Counsel."  (ECF No. 66.)  In this pleading, counsel states that she is unavailable from July 31,

25 2017 through August 12, 2017.  Because defense counsel may not be able to respond to the

26 instant order based on her unavailability, the undersigned herein directs the Clerk of the Court to

27 ////

28 ////

serve this order on Supervising Deputy Attorney General Monica Anderson.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to stay defendants' summary judgment motion, contained in his opposition, is granted nunc pro tunc;

2. Plaintiff's motions to file an expert witness declaration and to file a supplemental opposition (ECF Nos. 61, 62) are granted;

3. Defendants' motion to strike (ECF No. 63) is denied;

4. Within twenty-eight days of the date of this order, defendants shall inform the court whether they wish to reopen discovery with respect to the Mallory declaration; if defendants do not intend to reopen discovery, defendants shall inform the court whether they wish to file a supplemental reply or stand on the pleadings submitted in response to the Mallory declaration and supplemental opposition; if defendants intend to file a supplemental reply, this briefing is due within twenty-eight days of the date of this order;

5. The Clerk of the Court is directed to serve this order on Supervising Deputy Attorney General Monica Anderson.

Dated:  July 27, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Br960.que

---

[2] Supervising Deputy Attorney General Monica Anderson is not precluded from requesting an extension of time to respond to the instant order on defense counsel's behalf.