UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. BRUCE,<br><br>    Plaintiff,<br><br>v.<br><br>SHAMA CHAIKEN, et al.,<br><br>    Defendants. | No. 2:15-cv-0960-TLN-KJN<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 31, 2018, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 91.) Defendants have filed objections to the findings and recommendations. (ECF No. 92.) Plaintiff filed a motion for extension of time to file objections. (ECF No. 93.) On September 28, 2018, Plaintiff was granted thirty days to file his objections. (ECF No. 94). Plaintiff has not filed objections to the findings and recommendations.

In their objections, Defendants argue, in part, that Plaintiff's claim that Defendant Ikegbu denied care for Plaintiff's prostate for two weeks is improper because it was raised for the first time in the opposition to Defendants' motion for summary judgment. (ECF No. 92 at 5.) Defendants did not raise this argument in the reply or supplemental reply. (*See* ECF Nos. 55 at

1

8–10; 77 at 8–9.) Instead, Defendants addressed the merits of this claim. (*See* ECF Nos. 55 at 8–10; 77 at 8–9.)

A district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to findings and recommendations. *See Brown v. Roe*, 279 F.3d 742, 744–45 (9th Cir. 2003); *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000). Defendants had an opportunity to argue that Plaintiff waived his claim regarding Defendant Ikegbu's alleged failure to treat his prostate in the reply and supplemental reply. Instead, Defendants addressed the merits of this claim. Based on this record, the magistrate judge also addressed the merits of this claim. (*See* ECF No. 91 at 41–45.) For these reasons, this Court declines to exercise its discretion to consider Defendants' argument, raised in the objections, that Plaintiff's claim that Defendant Ikegbu denied care for his prostate is improper because it was raised for the first time in the opposition to Defendants' summary judgment motion.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 31, 2018 are adopted in full; and

2. Defendants' summary judgment motion (ECF No. 37) is granted in part but denied as to Plaintiff's claims that Defendant Nangalama violated the Eighth Amendment by prescribing the self-administered enema, and that Defendant Ikegbu violated the Eighth Amendment by failing to treat Plaintiff's prostate related complaints on September 11, 2013.

Dated: November 6, 2018

Troy L. Nunley
United States District Judge