UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT C. BRUCE,

Plaintiff,

v.

SHAMA CHAIKEN et al.,

Defendants.

No. 2:15-cv-00960-TLN-KJN

ORDER

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 31, 2018, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 91.) Plaintiff and Defendants have filed objections. (ECF Nos. 92, 98.)

In their objections, Defendants argue, in part, that Plaintiff's claim that Defendant Ikegbu denied care for Plaintiff's prostate for two weeks is improper because it was raised for the first time in the opposition to Defendants' summary judgment motion. (ECF No. 92 at 5.) Defendants did not raise this argument in the reply or supplemental reply. (*See* ECF Nos. 55 at 8–10; 77 at 8–9.) Instead, Defendants addressed the merits of this claim. (*See* ECF Nos. 55 at 8–10; 77 at 8–

1

9.)

A district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to findings and recommendations. *See Brown v. Roe*, 279 F.3d 742, 744–45 (9th Cir. 2003); *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000). Defendants had an opportunity to argue that Plaintiff waived his claim regarding Defendant Ikegbu's alleged failure to treat his prostate in the reply and supplemental reply. Instead, Defendants addressed the merits of this claim. Based on this record, the magistrate judge also addressed the merits of this claim. (*See* ECF No. 91 at 41–45.) For these reasons, this Court declines to exercise discretion to consider Defendants' argument, raised in the objections, that Plaintiff's claim that defendant Ikegbu denied care for his prostate is improper because it was raised for the first time in the opposition to Defendants' summary judgment motion.

In his objections, Plaintiff argues, in part, that the magistrate judge did not rule on the request for judicial notice attached to his opposition. (ECF No. 98.) The magistrate judge did not address this request. Accordingly, this Court addresses this request.

In his opposition, Plaintiff requested the Court take judicial notice of ten documents: 1) Web MD article entitled "What is Fecal Impaction;" 2) Web MD article entitled "What is Bowel Obstruction;" 3) Mayo Clinic Article entitled "Anal Pain;" 4) Web MD article entitled "Anal Fissure;" 5) Mayo Clinic Article entitled "Anal Fissure;" 6) CDCR Health Care Services Policy, Chapter 4, "Access to Primary Care;" 7) CDCR Health Care Services Policy, Volume 4, Chapter 12, "Emergency Medical Response;" 8) Mayo Clinic Article entitled "Constipation;" 9) Web MD article entitled "What is Constipation;" and 10) CDCR Health Care Services Policy, Volume 6, Chapter 26, Documentation Principles, Health Records. (ECF No. 51-1 at 2.)

A Court may judicially notice a fact that is not subject to reasonable dispute because it: 1) is generally known within the trial court's territorial jurisdiction; or 2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). While the Court may take judicial notice of the fact that the internet, Wikipedia, and journal articles are available to the public, it may not take judicial notice of the truth of the matters asserted therein. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d

954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.") (citation and quotation omitted).

Pursuant to the legal standards set forth above, the Court may not take judicial notice of the facts in the articles from Web MD and the Mayo Clinic, as requested by Plaintiff. In addition, as observed by Defendants in the reply to Plaintiff's opposition, Plaintiff is not qualified as an expert to interpret these articles. Fed. R. Evid. 701. Accordingly, Plaintiff's request to take judicial notice of the Web MD and Mayo Clinic articles is denied.

Turning to the CDCR Health Care Services Policies, these are public documents that can be accurately and readily determined from a source whose accuracy cannot be questioned. Accordingly, the Court may take judicial notice of these documents. However, while the magistrate judge was aware of these documents, and the policies described therein, he did not rely on these documents in the findings and recommendations.

Defendants have filed a motion to strike Plaintiff's declaration and the medical record attached to his objections. (*See* ECF No. 98 at 11–12.) Defendants argue that Plaintiff should not be allowed to present new evidence in his objections. This Court declines to exercise its discretion to consider the new evidence attached to Plaintiff's objections. *See Brown*, 279 F.3d at 744–45. Plaintiff had adequate opportunity to present evidence in support of his claims. Accordingly, Defendants' motion to strike is granted.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 31, 2018 (ECF No. 91) are adopted in full;

2. Defendants' summary judgment motion (ECF No. 37) is granted but for Plaintiff's claims that Defendant Nangalama violated the Eighth Amendment by prescribing the self-administered enema, and that Defendant Ikegbu violated the Eighth Amendment by failing to treat Plaintiff's prostate related complaints on September 11, 2013;

3. Defendants' motion to strike the supplemental evidence attached to Plaintiff's objections (ECF No. 101) is granted.

Dated: February 13, 2019

Troy L. Nunley
United States District Judge