UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BRUCE,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAMA CHAIKEN, et al.,<br><br>    Defendants. | No. 2:15-cv-0960 TLN KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. This action is set for trial before the Honorable Troy L. Nunley on February 10, 2020. Plaintiff requests that the court appoint counsel to represent him at trial and at a settlement conference.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel because he is not trained in the law and is not familiar with the Federal Rules of Evidence. Plaintiff's lack of legal education is not an exceptional circumstance that warrants appointment of counsel.

In this action, plaintiff alleges that defendants provided inadequate medical care in violation of the Eighth Amendment and state law. The legal issues in this action are not particularly complex. Plaintiff has competently represented himself in this action. For these reasons, the undersigned finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 113) is denied without prejudice.

Dated: August 20, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bruc0960.31